Honorable Lonny R. Suko

1
2
3
4
5
6
7

Suzanne J. Thomas, WSBA #17338
Ryan Redekopp, WSBA #36853
K&L GATES LLP
925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Fax: (206) 623-7022
Email: suzanne.thomas@klgates.com
Email: ryan.redekopp@klgates.com
Attorneys for Defendant
BNSF Railway Company

8
9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

10
11
12
13
14
15

CURT CLIFT,

                              Plaintiff,

        v.

BNSF RAILWAY COMPANY,

                              Defendant.

No. 2:14-cv-00152-LRS

STIPULATED PROTECTIVE
ORDER REGARDING
HANDLING OF
CONFIDENTIAL AND
ATTORNEYS' EYES ONLY
MATERIAL

16
17
18
19
20
21
22
23
24
25
26

        Pursuant to the stipulation between plaintiff Curt Clift ("Clift") and

defendant BNSF Railway Company ("BNSF"), the parties believe that they may

seek or be required to disclose to the other certain confidential, proprietary,

and/or sensitive information in connection with this litigation, and that the

unauthorized or improper use or disclosure of such information would be

harmful to the parties or third parties, including BNSF's current and former

employees. Accordingly, the Court grants the parties' stipulated motion, ECFR

No. 35, and enters the following Stipulated Protective Order Regarding

Handling of Confidential and Attorneys' Eyes Only Material ("Protective

Order") under Fed. R. Civ. P. 26(c) to limit the use and disclosure of discovered

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 1
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

information as provided herein.

IT IS HEREBY ORDERED as follows:

1.    <u>Scope</u>. This Protective Order shall govern discovery in this action, and shall be applicable to the contents of all depositions, documents, information, or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, third-party subpoenas, transcripts, exhibits, pleadings, and all other discovery taken in accordance with the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and other information that any party designates as confidential ("Confidential Material") or as for attorneys' eyes only ("Attorneys Eyes Only Material") under this Protective Order. As used herein, "designating party" refers to one of the parties to this action who designates any information as Confidential Material or Attorneys' Eyes Only Material.

2.    <u>Confidential Material</u>. The following information may be designated as Confidential Material:

   a.    personal or other personnel information regarding BNSF's current or former employees, including Clift (including but not limited to contact information, evaluations, compensation and financial information, complaints, grievances, investigations, discipline, and other information in personnel files and other employee records; provided that such information may also warrant redaction before production by BNSF);

   b.    financial and business information about BNSF's operations that is not generally available to the public;

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 2
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

c.      information pertaining to a third party this is reasonably believed to be personal or not generally available to the public, and that is designated as Confidential Material in order to protect and preserve the interests of such third party; and

d.      information that either party is obligated by contract or state or federal law to protect as confidential (provided that such information may in some cases also qualify for designation as Attorneys' Eyes Only Material); and

e.      other information that a party in good faith believes to be confidential, proprietary, and/or sensitive, the unauthorized disclosure or use of which could be harmful to the party or a third party.

3.      <u>Attorneys' Eyes Only Material</u>. The following information may be designated as Attorneys' Eyes Only Material:

a.      medical or other private information regarding BNSF's current or former employees, including Clift (including but not limited to information regarding employee injuries or disabilities and disability accommodation requests; which may also warrant a numeric rather than name identifier); and

b.      financial and business information about BNSF's operations that is not generally available to the public and is deemed to warrant a higher degree of protection than Confidential Material (including, but not limited to, trade secrets, sensitive business information, or other confidential research, design, development, or commercial information).

4.      <u>Good Faith Designations; Limitations on Use</u>. In designating information as Confidential Material or Attorneys' Eyes Only Material, a designating party will make such a designation only as to information that it in

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 3
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

good faith believes to be confidential, proprietary, and/or sensitive. Information designated as Confidential Material or Attorneys' Eyes Only Material that is obtained by any party through discovery in this litigation will be used by such party and the party's counsel solely for the purpose of conducting this litigation; this Protective Order does not, however, restrict a party or the party's counsel from using its knowledge of such information to formulate discovery requests in other administrative or legal proceedings. Nothing in this Protective Order restricts a party from disclosing or using, in any manner or for any purpose, any information from the party's own files that the party itself has designated as Confidential Material or Attorneys' Eyes Only Material.

    5.    <u>Manner and Timing of Designations</u>. Disclosing parties will designate information as Confidential Material or Attorneys' Eyes Only Material as follows:

        a.    In the case of interrogatory answers, responses to requests for admissions, documents provided in response to document requests, and the information contained therein, designation will be made before production by placing the phrase "CONFIDENTIAL MATERIAL" or "ATTORNEYS' EYES ONLY MATERIAL" on each page that contains such information.

        b.    In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material or Attorneys' Eyes Only Material must be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, in writing by a party's counsel within fourteen (14) days after counsel's receipt of the transcript. During those fourteen (14) days, the entire deposition transcript, including exhibits, will be treated as Attorney's Eyes Only Material.

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 4
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

c.      Information produced in a non-paper media (*e.g.*, videotape, audiotape, CD-ROM, DVD-ROM, other digital storage devices) may be designated Confidential Material or Attorneys' Eyes Only Material by labeling the outside of such non-paper media as "CONFIDENTIAL MATERIAL" or "ATTORNEYS' EYES ONLY MATERIAL." In the event a receiving party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must treat each copy, transcription, or printout as Confidential Material or Attorneys' Eyes Only Material, as appropriate, and label it in a manner effective to ensure proper treatment.

d.      In the case of documents or other material to be initially produced for inspection, unless otherwise expressly designated, all documents produced for inspection will be treated as Attorneys' Eyes Only Material for a period not to exceed thirty (30) days after the receiving party inspecting the documents has indicated the documents it desires to be copied. After a receiving party inspecting the documents has indicated the documents it desires to be copied, and before such copies are provided, the producing party will have a reasonable time, not to exceed the aforementioned thirty (30) business days, to review the copied documents and designate them as Confidential Material or Attorneys' Eyes Only Material.

e.      Information not reduced to documentary or tangible form or which cannot be conveniently designated as set forth above may be designated as Confidential Material or Attorneys' Eyes Only Material by informing the non-designating party in writing.

f.      In the event that a party inadvertently fails to designate information as Confidential Material or Attorneys' Eyes Only Material at the

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 5
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

time of production or as otherwise described above, that party may at any time thereafter designate such information as Confidential Material or Attorneys' Eyes Only Material, and such information will be treated as Confidential Material or Attorneys' Eyes Only Material beginning at the time such designation occurs.

6.  <u>Designating Information Disclosed by another Party</u>. If a party produces or files undesignated information that the receiving or non-filing party believes should be designated as Confidential Material or Attorneys' Eyes Only Material, the designating party must provide the party that produced or filed the undesignated information written notice of the specific information it wishes to designate, and such information will be treated as Confidential Material or Attorneys' Eyes Only Material upon receipt of such notice.

7.  <u>Challenging Designations</u>. A party will not be obligated to challenge the propriety of a designation at the time made, and failure to do so will not preclude a subsequent challenge during the pendency of this litigation. In the event that a party disagrees at any stage of these proceedings with a designation, the party must provide the designating party with written notice of its disagreement with the designation. The parties must first meet and confer in person or by telephone to try to resolve such dispute in good faith on an informal basis. Any motion regarding designations under this Protective Order must include a certification that the moving party has made a reasonable and good faith effort to reach an agreement with opposing counsel on the matters set forth in the motion. The designating party will have the burden of proving that information is properly designated for protection under this Protective Order.

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 6
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

8.    <u>Restrictions on Disclosure of Confidential Material</u>. In the absence of written permission from the designating party, or an order of the Court, a receiving party may disclose Confidential Material only to:

a.    Clift;

b.    the agents, officers, or employees (including in house counsel) of BNSF who work on matters relating to this litigation, with disclosure only to the extent necessary to perform such work;

c.    internal and external attorneys working on this action on behalf of a party, including paralegals, assistants, and stenographic and clerical employees and contractors working under the direct supervision of such attorneys;

d.    Officers of the Court and supporting personnel, or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic, videographers, or clerical personnel;

e.    experts or consultants retained or employed (or sought to be retained or employed) in good faith by a party's attorneys to assist in the evaluation, prosecution, or defense of this litigation, with disclosure only to the extent necessary to perform such work;

f.    any person of whom testimony is taken (and their counsel, if any), except that such person may only be shown Confidential Material in preparation for and during his or her testimony, and only to the extent that it relates to his or her testimony, and may not retain any Confidential Material or copies thereof;

g.    stenographic reporters and videographers engaged for depositions or other proceedings necessary for the conduct of this case;

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 7
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

h.      outside photocopying services and data processing companies or individuals engaged by a party or its attorneys to assist in this litigation (provided that such entities or individuals may not retain any Confidential Material or copies thereof);

i.      any person who authored or properly received in the ordinary course of business the particular information sought to be disclosed (provided that such persons may not retain any Confidential Material or copies thereof);

j.      outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to provide assistance as mock jurors or focus group members, provided that such disclosure and any subsequent use is for purposes relating to this litigation only; and

k.      insurers of any party and agents of said insurers.

9.      <u>Restrictions on Disclosure of Attorneys' Eyes Only Material</u>. In the absence of written permission from the designating party, or an order of the Court, a receiving party may disclose Attorneys' Eyes Only Material only to:

a.      internal and external attorneys working on this action on behalf of a party, including paralegals, assistants, and stenographic and clerical employees and contractors working under the direct supervision of such attorneys;

b.      Officers of the Court and supporting personnel, or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic, videographers, and clerical personnel;

c.      stenographic reporters and videographers engaged for depositions or other proceedings necessary for the conduct of this case;

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 8
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    d.      any person of whom testimony is taken (and their counsel, if

2    any), except that such person may only be shown Attorneys' Eyes Only Material

3    in preparation for and during his or her testimony if it is apparent from the face

4    of the document, or the surrounding circumstances, that the witness authored or

5    had legitimate access to and had previously seen the document, provided that if

6    the disclosure would be based on a party's assertion that the "surrounding

7    circumstances" suggest that the witness authored or had legitimate access to and

8    had previously seen the document, the parties' attorneys will consult in a

9    sidebar, not in the presence of the witness, about that assertion, and attempt to

10   agree, and in the event of a disagreement, the document will not then be shown

11   to the witness, subject to further conferring and motion practice and provided

12   further that the witness may not retain any Attorneys' Eyes Only Material or

13   copies thereof;

14           e.      any person who is expressly retained or sought to be retained

15   by a party's attorneys to assist in preparation of this action for trial (including

16   testimonial experts, non-testimonial experts (who are subject to legitimate work

17   product doctrine protections) or other trial related consultants (who are subject

18   to legitimate work product doctrine protections)), with disclosure only to the

19   extent necessary to perform such work;

20           f.      outside independent persons (*i.e.*, persons not currently or

21   formerly employed by, consulting with, or otherwise associated with any party)

22   who are retained by a party or its attorneys to provide assistance as mock jurors

23   or focus group members, provided that such disclosure and any subsequent use

24   is for purposes relating to this litigation only;

25           g.      insurers of any party and agents of said insurers; and

26

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 9
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

h.    with respect to information designated as Attorneys' Eyes Only Material by Clift, BNSF may further disclose such information to up to five (5) officers or employees of BNSF who work on matters relating to this litigation and who do not directly supervise Clift, with disclosure only to the extent necessary to perform such work.

10.    <u>Acknowledgment and Agreement to be Bound</u>. The persons described in Paragraphs 8.e., 8.f., 8.j, 8.k, 9.d., 9.e., 9.f, and 9.g will have access to Confidential Material or Attorneys' Eyes Only Material only after they have been made aware of the provisions of this Protective Order and have signed a copy of the "Acknowledgement and Agreement to be Bound" attached hereto as **Exhibit A**. Copies of the signed Acknowledgement forms will be maintained by counsel for the parties, and will be available for inspection by the Court at any time. Persons receiving Confidential Material are enjoined from disclosing such information to any other person, except in conformance with this Protective Order.

11.    <u>Secure Storage of Designated Information</u>. The recipient of any Confidential Material or Attorney's Eyes Only Material will maintain such information in a secure and safe area and will exercise at least the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to his, her, or its own confidential information. Designated information will not be copied, reproduced, summarized, or abstracted, except to the extent reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions will be subject to the terms of this Protective Order, and labeled in the same manner as the designated information

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 10
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

on which they are based.

12.    <u>Filing Designated Information</u>. If a non-designating party intends to file Confidential Material or Attorneys' Eyes Only Material with the Court, the party will endeavor to provide the designating party with sufficient notice of its intent in advance of the filing to allow the parties to discuss in good faith whether non-pertinent Confidential Material or Attorneys' Eyes Only Material could be redacted from the filing, or substitute information that does not contain Confidential Material or Attorneys' Eyes Only Material could instead be used, in order to protect the interests of any party or third party.  If such notice is not practicable or if such discussions are unsuccessful, the filing party will electronically submit Attorneys' Eyes Only Material to the Court only through a contemporaneous Motion to Seal in accordance with the Court's current procedures for filing sealed documents in CM/ECF. The moving party will within the motion show why any information that it designated should be sealed and/or will indicate that the non-moving party designated the information as Attorneys' Eyes Only Material and that the moving party has filed the Motion to Seal in accordance with this Protective Order. A non-moving, designating party may file a responsive memorandum in support of the Motion to Seal in accordance with LR 7.1. Nothing in this Protective Order alters or in any way affects the standards for sealing and/or redacting court records under Fed. R. Civ. P. 5.2, Fed. R. Civ. P. 26(c), and applicable case law.

13.    <u>Use of Designated Information in Court Proceedings</u>. In the event that designated information is used in any court proceeding in connection with this litigation, it will not lose its Confidential Material or Attorneys' Eyes Only

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 11
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Material status through such use, and the parties will take all steps reasonably required to protect its confidentiality during such use.

14.    Unrelated Subpoenas or Orders to Produce Designated Information: If a party is served with a subpoena or other process or order issued in an unrelated proceeding that compels disclosure of information designated by the other party as Confidential Material or Attorneys' Eyes Only Material, the party will notify counsel for the designating party in writing within three (3) business days, include a copy of the subpoena, other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the designating party or any third party whose interests may be affected. The designating party or third party will have the burden of defending against such subpoena or order. The party receiving the subpoena or other process or order will be entitled to comply with it except to the extent the designating party or third party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

15.    Unauthorized Disclosure of Designated Information: If Confidential Material or Attorneys' Eyes Only Material is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure.

16.    Inadvertent Production or Disclosure of Privileged Information. If a producing party gives notice to a receiving party that certain inadvertently produced information is subject to a claim of privilege or other protection, the

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 12
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

obligations of the receiving party are those set forth in Fed. R. Civ. P. 26(b)(5)(B). Pursuant to Fed. R. Evid. 502(d), inadvertent disclosure of a communication or information subject to the attorney work product doctrine, the attorney-client privilege, or other legal privilege or protection will not constitute a waiver of the privilege or protection for purposes of this proceeding or any other proceeding in any other court.

17.    <u>Privilege Logs</u>. A party will produce a privilege log within 30 days after its first production of documents for which privilege is asserted to apply, and within the same time period following any subsequent or rolling productions. The parties are not required to include on their respective privilege logs any attorney-client privileged communications that occurred after Clift filed his underlying complaint with the U.S. Department of Labor, Occupational Safety & Health Administration Region 10 on April 11, 2011 (Case No. 0-1060-11-036), or any materials protected by the attorney work product doctrine that were prepared after such time.

18.    <u>Termination and Destruction of Designated Information</u>. Within sixty (60) days of the termination of this action, including all appeals, each receiving party must certify the destruction of all Confidential Material or Attorneys' Eyes Only Material produced by the designating party, including all copies, extracts, and summaries thereof. Counsel for each party will be entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated information. In order to preserve the ability of counsel to defend against any potential malpractice

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 13
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

claims, counsel for each party will retain one complete set of all information designated as Confidential Material or Attorneys' Eyes Only Material by its client for a period of at least three (3) years after the termination of this action, including all appeals. If counsel receives written notice of any malpractice claim against the other party's counsel during this period, it will continue to retain and will not destroy such information until after the termination of all such malpractice claims, including any appeals.

19.    <u>Survival</u>. The terms, conditions, and limitations of this Protective Order will survive the termination of this action.

20.    <u>Requests for Relief from Protective Order</u>. This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

21.    <u>Construction</u>. This Protective Order will not be construed as waiving any right to assert a claim of privilege, relevance, over breadth, burdensomeness, or other grounds for not producing material called for, and access to such material will be only as otherwise provided by the discovery rules and other applicable law. Subject to the terms of this Protective Order, nothing herein shall be construed in any manner as limiting the ability of any party to use Confidential Material or Attorneys' Eyes Only Material in the prosecution or defense of any claim, motion, or other proceeding in this litigation.

It is so ORDERED:

Dated this 22nd day of September, 2014.

*s/Lonny R. Suko*

_____
Lonny R. Suko
Senior United States District Judge

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 14
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   Presented by:
2
3   K&L GATES LLP                        TERRELL MARSHALL DAUDT &
                                         WILLIE PLLC
4
5   By s/Suzanne J. Thomas               By s/Erika L. Nusser
    By s/Ryan D. Redekopp                Erika L. Nusser, WSBA #40854
6   Suzanne J. Thomas, WSBA #17338       TERRELL MARSHALL DAUDT &
    Ryan Redekopp, WSBA #36853           WILLIE PLLC
7   K&L GATES LLP                        936 North 34th Street, Suite 300
    925 Fourth Ave., Suite 2900          Seattle, WA 98103
8   Seattle, WA 98104-1158               Telephone: (206) 816-6603
    Telephone:  (206) 623-7580           Fax: (206) 350-3528
9   Fax:  (206) 623-7022                 Email: enusser@tmdwlaw.com
    Email: suzanne.thomas@klgates.com    Attorneys for Plaintiff Curt Clift
10  Email: ryan.redekopp@klgates.com
    Attorneys for Defendant
11  BNSF Railway Company

12                                       NICHOLS KASTER, PLLP

13                                       By s/Nicholas D. Thompson
14                                       Nicholas D. Thompson, *pro hac vice*
                                         NICHOLS KASTER, PLLP
15                                       4600 IDS Center
                                         80 South Eighth Street
16                                       Minneapolis, MN 55402-2242
                                         Telephone: (612) 256-3200
17                                       Fax: (612) 338-4878
                                         Email: nthompson@nka.com
18                                       Attorneys for Plaintiff Curt Clift
19
20
21
22
23
24
25
26

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 15
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

1.      I hereby acknowledge that I have read in its entirety the Stipulated Protective Order Regarding Handling of Confidential Material entered in *Clift v. BNSF Railway Co.*, No. 2:14-cv-00152-LRS (the "Protective Order").

2.      I agree to comply with and be bound by the Protective Order with respect to any documents, materials, or information designated as Confidential Material that are furnished to me.

3.      I understand that I may not disclose in any manner any Confidential Material to any person or entity except in strict compliance with the Protective Order, and that I may not make any copies, extracts, or summaries of Confidential Material except in accordance with the Protective Order.

4.      I agree to submit to venue and jurisdiction in the United States District Court for the Eastern District of Washington with regard to any proceedings to enforce the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.


Printed Name: _____

Signature: _____

Date: _____

STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF CONFIDENTIAL
MATERIAL - 16
Case No. 2:14-cv-00152-LRS

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022